PARSONS TRADING COMPANY, Plaintiff, *v.* SAMUEL D. HOFFMAN et al., Defendants.

(Supreme Court, New York Special Term, June, 1919.)

Trademarks — exclusive right to use as to certain goods — corporations — when injunction granted.

> A corporation organized in 1907 and owning the word "Caravel" as a trademark, will be granted an injunction to restrain the defendant, a corporation organized in 1918, from dealing in or advertising, under the name "Caravel Company" or any similar name, those goods as to which plaintiff has established the exclusive right to use its trademark.

ACTION for an injunction.

Parsons, Closson & McIlvaine (Herbert Parsons and Edward C. Sperry, of counsel), for plaintiff.

A. T. Scharps, for defendants.

PLATZEK, J.   The essence of the wrong complained of by the Parsons Trading Company is unfair competition.   It seeks to prevent the continued use by the defendants of the name "Caravel Company" and to restrain the use of labels and advertising matter in which the word "Caravel" is used.   The plaintiff is a trading corporation organized in 1907.   It succeeded

to the business of Parsons Brothers, a partnership formed in 1900. It is chiefly, but not exclusively, engaged in trade with foreign countries. Its principal business is in paper and manufactures of paper, but it has also dealt and still deals in a very great variety of other merchandise. This diversity in the character of the goods traded in is the result of a gradual expansion and extension of the business in new directions, a process which is still going on and is expected to continue. It is the owner of a trade mark consisting of the word " Caravel " with the picture of a sailing vessel of the ancient type. This mark was originally used only on paper. As the business extended the trade mark was more widely used. It has been affixed to inks, ink-making materials and various other goods which are specifically mentioned in the findings. The plaintiff has shipped other goods to which in its invoices it has applied the word " Caravel " as the designation of a brand, but to which its trade mark has not been affixed. Goods of many other descriptions have been shipped and many other shipments of similar goods have been made without the use of either the name or the mark. The individual defendants were partners doing business under the trade name " Caravel Company." The partnership was formed in 1916. The firm name was chosen innocently. At first the firm business was confined to dyestuffs. Later it dealt also in drugs and chemicals. Its business, like plaintiff's, was largely done with foreign countries. In 1918 the defendant corporation was formed. The name under which the firm had done business was taken as the corporate name. The business of the firm was transferred to the corporation and the firm was dissolved. Its members became officers of the corporation, and it continued the business in dyestuffs, drugs and chemicals. It also extended its dealings to general merchandise. It has

used a label upon which its corporate name is printed, together with the representation of a sailing vessel of the caravel type. Its catalogues, advertising matter and stationery bear the same name and drawing. Its label has been affixed to certain classes of goods which plaintiff has been accustomed to ship without its trade mark. It is shown to have attempted to do business in paper and in other classes of merchandise which plaintiff had previously dealt in under its trade mark. Prior to the organization of the corporation, but after its formation had been decided upon, plaintiff notified the firm that it was the owner of the Caravel trade mark and requested the firm to discontinue the use of the word " Caravel " both in its firm name and otherwise in connection with the sale of its goods. Thereupon the firm had a search made of the records of the patent office. The search disclosed the particular classes of merchandise for which plaintiff's trade mark had been registered. The search showed that trade marks consisting of the word " Caravel," both with and without the representation of a sailing vessel, had been registered by other persons for goods of various descriptions. The defendants refused to abandon the use of the name " Caravel Company " or the use of their labels and this action was commenced for injunctive relief. A trade mark is acquired by adoption and use as such. It must be affixed to the goods. The right of user is in its very nature an exclusive right. Unauthorized use or imitation by a competitor may be restrained. The right to exclusive use of the trade mark is not unlimited. Its use upon one or more commodities does not give the right to use it upon all. But neither is the right confined to the precise species of goods to which the mark has been affixed. It extends to other goods of the same class. And where the general uses or characteristics

of the articles are similar or analogous they are within the same class. A trade mark used by a manufacturer of picks and hoes may not be used by a competitor upon shovels (*Collins Co.* v. *Oliver Ames & Sons Corp.,* 18 Fed. Repr. 561); nor may a manufacturer of tooth brushes appropriate the mark used by another on hair brushes (*Florence Mfg. Co.* v. *J. C. Dowd & Co.,* 178 id. 73). Prior appropriation to the species prevents a subsequent competitive use upon a class in which the species is included. The test is whether an intending purchaser would be likely to mistake the origin of the goods. The purpose is to prevent the palming off of the product of one trader as that of another. And where the danger of confusion and deception is manifest it is unnecessary to prove that either has in fact occurred. The principles thus stated as applicable to trade marks apply equally to marks which are not technical trade marks and to trade names. So the use of a corporate name may be enjoined if confusion or deception is likely to result from its use by a dealer in competitive goods. *Heileman Brewing Co.* v. *Independent Brewing Co.,* 191 Fed. Repr. 489; *Dutton & Co.* v. *Cupples,* 117 App. Div. 172; *Simplex Automobile Co.* v. *Kahnweiler,* 162 id. 480; *Star Co.* v. *Wheeler Syndicate, Inc.,* 91 Misc. Rep. 640. From the facts stated and the general principles adverted to certain conclusions in the present case seem plain: *First.* The plaintiff has acquired the exclusive right to use the Caravel trade mark on the various classes of goods upon which it or its predecessor was the first to affix and use that mark. *Second.* The plaintiff did not acquire any exclusive right to the use of the name or mark by the mere use of the name " Caravel " in its invoices. *Third.* The use of the trade mark upon certain classes of goods cannot upon any theory of extension of user

give plaintiff the exclusive right to use it upon all the varied classes of general merchandise in which it has dealt or in which it may hereafter choose to deal. *Fourth.* Though the use of a corporate name may be restricted and enjoined in a proper case, there is no ground upon which the defendant company can prop· erly be required to discontinue the use of its corporate name. It seems to me that the important question in the case is whether the defendant corporation ought to be allowed to do business in its corporate name in those classes of goods upon which plaintiff has the exclusive right to use the Caravel trade mark. I think it ought not. If the business of the defendant corporation were confined solely to such goods it would be restrained from continuing to do business under the name " Caravel Company." The case of *Kayser & Co.* v. *Italian Silk Underwear Co.,* 160 App. Div. 607, is authority for that proposition. See, also *International Silverware Co.* v. *Rogers Corporation,* 66 N. J. Eq. 119. But the defendant corporation deals in goods of a very diversified character. I think, therefore, that the plaintiff is entitled to an injunction which shall restrain the defendants from dealing in or advertising under the name " Caravel Company " or any similar name those goods as to which plaintiff has established the exclusive right to use the Caravel trade mark and which are indicated in the findings.

Judgment accordingly.